UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL DILELLA, *et al.* ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No.: 2:23-CV-04567 (NQA) |
| v. ) | |
| ) | |
| RENEE BURCHARD, *et al.,* ) | |
| ) | |
| *Defendants*. ) | |
| _____ ) | |

**DEFENDANTS' REPLY BRIEF**
**IN SUPPORT OF THEIR MOTION TO TRANSFER**

Comes now Defendants, by and through undersigned counsel, with their Reply in Support of their Motion to Transfer, and state as follows:

**INTRODUCTION**

Plaintiffs' brief is a polemic that confuses a motion to dismiss for inconvenience of forum under Federal Rule 12(b)(3), with a motion to transfer pursuant to 28 U.S.C. §1404(a). As discussed in Defendants' Motion, the analysis under 28 U.S.C. §1404(a) is not based on whether or not a case can be filed and pursued in the court hearing the motion. The question posed by the Motion is whether the complaint should be filed elsewhere due to both equitable and court efficiency principles. Plaintiffs' opposition is based entirely on what works for them. The analysis related to 28 U.S.C. §1404(a) is based on what works best in adjudicating the underlying issues, and aligns adjudication with the most logical jurisdiction for such adjudication.

Plaintiffs' argument about the related case they filed in this Court misses the mark entirely. That case, described in Defendants' Motion as *DiLella I*, has been dismissed with prejudice and is pending on appeal. It is highly unlikely that it will succeed on appeal, but even if it does, such

1

would not be determined for at least six (6) months, likely more.  By contrast, the case in the District Court of the District of Columbia is poised to begin discovery in a few weeks.  As explained in Defendants' Motion, the discovery that will be adduced in the D.C. Case will bear directly on the merits and justiciability of the claims herein.

Plaintiffs over-state the deference that should be given to their choice of forum, at the same time that they demand that the Court pays no deference whatsoever to the choice of forum of Defendants, the persons who initiated litigation in the first place.  Further, Plaintiffs heavily rely on a 1970 case, *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (1970), for the contention that Plaintiffs' "choice of forum is entitled to great weight."  Pls. Br. at 8.  However, this instruction has been superseded by the Third Circuit, which teaches that "the balancing of proper interests" is the relevant test.  *In re: U.S.,* 273 F.3d 380, 388 (3d Cir. 2001) ("While the burden is on the defendant, the defendant is not required to show truly compelling circumstances for change of venue but rather that all relevant things considered, the case would be better off transferred to another district," citing *Shutte*, 431 F.2d at 25.  As discussed in Defendants' opening memorandum and in this reply, this case is properly heard by the Court hearing the underlying D.C. Case, and Plaintiffs' arguments about the convenience of this forum to the Defendants should be rejected.

For these reasons, and those developed in Defendants' briefing, and any oral argument should the Court order it, Defendants' Motion to Transfer is sound and compelling, and the relief they seek in transferring this case to Judge Jia M. Cobb in the District of Columbia District Court should be GRANTED.

## **ARGUMENT**

I.   PLAINTIFFS IGNORE THE MOST COMPELLING FACTOR IN THE ANALYSIS OF TRANSFER

Plaintiffs concede that this case could have been brought in the District of Columbia, but misstate case law in arguing that "whether transfer is appropriate depends upon the second and third factors of the *Jumara* test – whether Defendants have proven the District of Columbia is more convenient and would serve the interest of justice." Pls Br., at 7, n.7.  In cases such as this, where Plaintiffs' case arises out of litigation in the transferee jurisdiction, courts have held this fact to be the most compelling factor in ruling on a transfer pursuant to 28 U.S.C. §1404(a).  *See Mylan, Inc. v. Boehringer Ingelheim International GMBH*, Civil Action No. 09-990, at *13 (W.D. Pa. Mar. 24, 2010):

> Many courts have held that the presence of ongoing related litigation in the proposed transferee court is a compelling factor in favor of transfer. *See, e.g., Weber v. Basic Comfort*, 155 F. Supp. 2d 283, 286 (E.D. Pa. 2001) (noting that **"[t]his consideration alone** is powerful enough to tilt the balance in favor of transfer even when the convenience of parties and witnesses would suggest the opposite").

*Id.* (emphasis added).  Plaintiffs' brief fails to address this reality.  And while it is true that Plaintiffs have appealed the dismissal in *DiLella I*, it is also true that this Court will have nothing to do on that case, unless and until Plaintiffs succeed on the appeal, which is not only highly unlikely, but will be months in the undertaking in the off chance that it is successful.

By contrast, the D.C. Case is poised to begin discovery in a matter of weeks, and as explained in Defendants' Motion, the discovery in the D.C. Case will bear directly on the good faith with which Defendants pursued the claims in the D.C. Case.  Contrary to Plaintiffs' repeated use of the term "bogus" to describe the claims in the D.C. Case, they survived a vigorous motion to dismiss because they were well plead and alleged sufficient facts to demonstrate that success on the merits is plausible.  Put simply, discovery in the D.C. Case will establish whether or not Plaintiffs claims herein are justiciable, and thus the cases should be heard before the same judge.

II. PLAINTIFFS FAIL TO APPRECIATE THAT THE CENTRAL AND UNDERLYING ACTS RELATED TO THEIR CLAIMS TOOK PLACE OUTSIDE OF PENNSYLVANIA

    A. **Two of the Three Claims in the Complaint Involve Acts that Took Place in Washington D.C.**

Plaintiffs cannot deny or debate that their Abuse of Process and Malicious Prosecution claims relate directly to the filing of a lawsuit in the District of Columbia. It matters not one whit that one Plaintiff was living in Alabama when she filed the suit, and another had a residential address in Arizona. All Defendants acted via undersigned counsel, and the act at issue was the filing of a case in D.C. Had the Defendants not filed suit, there would be no action in dispute.

    B. **Any Alleged Conspiracy Also Took Place Outside of Pennsylvania**

As explained in the Motion, for Plaintiffs' conspiracy claim to be successful, they have to establish a meeting of the minds, supported by an overt act. As is clear from Plaintiffs' Complaint, they allege that Defendants conspired with Messrs. Hohns, Griffin and Swanson to harm the reputations of Plaintiffs, and then advanced that conspiracy by actually filing the case. *See* Complaint ¶¶ 6 & 7. Again, if any of this could have happened, it would have happened outside of Pennsylvania. The only potential tie to Pennsylvania – talking to a reporter for a Philadelphia publication – took place after the conspiracy had allegedly occurred and was perfected. It bears noting that the Complaint does not contain a count for Defamation (likely because truth is an absolute defense). In any event, case law has noted that the deference owed a plaintiff's choice of forum may be diminished where the "central facts of the lawsuit" occurred elsewhere." *Interlink Prods. Int'l, Inc. v. Fan Fi Int'l, Inc.*, Civil Action No. 16-1142 (MCA) (LDW), at *7 (D.N.J. Apr. 7, 2017).

Contrary to Plaintiffs' assertions, where, as here, the underlying actions took place outside of Pennsylvania, the burden lies with Plaintiffs to show that Defendants had some sort of

continuous contact with Pennsylvania that would warrant the exercise of jurisdiction. As one court put it:

> If the claim pursued arises from non-forum related activity, the plaintiff must demonstrate that in other respects the defendant has maintained "continuous and substantial" forum affiliations. *International Shoe v. Washington,* 326 U.S. 310 (1945); *Compagniedes Bauxites de Guinea v. Ins. Co. of North America,* 651 F.2d 877 (3rd Cir. 1981). Obviously this is a much higher threshold to meet for the facts required to assert this "general" jurisdiction must be "extensive and persuasive."

*Reliance Steel Products Co. v. Watson, ESS, Marshall & Enggas*, 675 F.2d 587, 588-89 (3d Cir. 1982). A single conversation with a reporter who works for a Pennsylvania publication falls woefully short of meeting this standard.

        **C.**    **Plaintiffs Cannot Evade the Fact that Both the Commission and Foundation are Headquartered in Washington D.C.**

Plaintiffs' argument that the underlying acts took place in Pennsylvania because "the Commission itself was initially based in Philadelphia where, by its enabling statute, it was required to hold all meetings, and since 2021, it has held at least one meeting," is a red herring. The tax documents of the Commission establish that it is headquartered in D.C. Additionally, all of the Defendants were employed by the Foundation in D.C., not by the Commission, which was never connected to Pennsylvania in any way. Defendants established by sworn declaration that none of them ever worked in or traveled to Pennsylvania to execute their duties. Thus, the theoretical location of the Commission before Defendants were employed is irrelevant. The relevant fact is that their employment took place in D.C., with an employer headquartered in D.C., and all acts and omissions of relevance took place in D.C.

III.    PLAINTIFFS ESSENTIALLY CONCEDE THAT PENNSYLVANIA IS NOT A MORE CONVENIENT FORUM FOR THIS CASE

Plaintiffs ask this Court to take judicial notice of the fact that Philadelphia is approximately 140 miles from Washington D.C., and argue that it is no great inconvenience to Defendants to

travel that distance to appear in this case.  However, as most of the cases cited by Plaintiffs show, Philadelphia's distance from Washington D.C. is not comparable to Philadelphia to New York City or Delaware to Philadelphia.  Further, Plaintiffs fail to appreciate that it is even less of an inconvenience for Plaintiffs to travel to D.C., particularly when one considers that Plaintiffs have substantially more financial resources than Defendants, and that Defendants reside further from Philadelphia than D.C..  Why should four people be forced to travel to Philadelphia, as opposed to two people traveling to Washington D.C.?  It is, thus, by definition, ***more convenient*** for Plaintiffs to travel to D.C.  Additionally, Plaintiffs themselves do not reside (or reside full-time) in this District.  Pls. Br. at 5 (Plaintiff DiLella "resides in Florida and Pennsylvania" and Plaintiff Giordano resides in the District of New Jersey).

Moreover, Plaintiffs fail to consider the convenience for all of the persons who may be called to testify, focusing only on the witnesses they would want to call on their conspiracy claims, rather than on the witnesses Defendants would opt to call to prove the merit and good faith of the claims in the D.C. Case.  Why should witnesses that have to appear in the D.C. Case be required to also travel to an entirely new jurisdiction to testify on essentially the same matters?  In what way is that efficient or rational?  Plaintiffs fail to explain, showing their concession that this District is not a more convenient forum.

As for Plaintiffs' reliance on the fact that the Constangy law firm has offices in Philadelphia, such is also a distraction.  While it may be true that Constangy has offices in Philadelphia, it is ***not true*** that the person who drafted that report works in Philadelphia. According to the Constangy website, Maureen Knight, the author of the report, is based in the Washington, DC office of the firm.  Thus, even if the Constangy report were admissible for any purpose, Ms. Knight would be inconvenienced to travel to Philadelphia.

Moreover, for reasons that remain opaque, Plaintiffs believe they can prove or disprove the merit of Defendants claims in the D.C. Case by introducing a self-serving, bought-and-paid-for report from a third party. The Constangy report is pure inadmissible hearsay. It cannot be admitted for any purpose relevant to this case, and thus is not germane to the Court's analysis of where the relevant "evidence" is located.

As is clear from Defendants' Motion, the relevant evidence is housed in the email systems of the Foundation, the databases the retain their contracts and records, and the minds and recollections of people who worked in D.C. There is no legitimate reason to move any or all of that to Pennsylvania to address Plaintiffs' claims. Thus, Plaintiffs' overarching argument that Philadelphia is the most convenient forum is unpersuasive and factually incorrect. Litigation is disruptive no matter where it takes place, but there is no straight faced argument that it would be less disruptive in Philadelphia, than it would be in D.C.

## **CONCLUSION**

In deciding this Motion to Transfer, the Court must balance the public and private interests in the litigation, and cannot focus solely on what forum is most convenient for the Plaintiffs. The Court must also consider where litigation is already transpiring, where the disputed action(s) took place, and which jurisdiction has the greater interest in the underlying dispute. All of these factors point heavily to the District of Columbia, which is the proper venue for this case. Transfer of this case is not "merely to shift the inconvenience from one party to the other," as Plaintiffs argue; it aligns where the dispute between the parties originated, where discovery on the pertinent issues is about to begin, and where the preponderance of the relevant documents and witnesses are located. For these reasons, Defendants' Motion to transfer should be GRANTED.

Respectfully submitted,

/s/ *Scott M. Lempert*
Scott M. Lempert Bar No. 76765
Pamela M. Keith (*pro hac vice petition pending*)
[DC Bar No. 448421]
CENTER FOR EMPLOYMENT JUSTICE
650 Massachusetts Ave. NW
Suite 600
Washington, DC 20001
(202) 800-0292
scottlempert@centerforemploymentjustice.com
pamkeith@centerforemploymentjustice.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

This is to certify that on this 15th day of March, a true and correct copy of the foregoing Defendants' Reply Brief in Support of their Motion to Transfer, was served on counsel of record for Plaintiffs via electronic filing to:

George Bochetto, Esquire
David P. Heim, Esquire
BOCHETTO & LENTZ, P.C.
I.D. Nos. 27783, 84323
1524 Locust Street
Philadelphia, PA 19102
(215)735-3900
gbochetto@bochettoandlentz.com
dheim@bochettoandlentz.com
*Attorneys for Plaintiffs*

/s/ *Scott M. Lempert*
Scott M. Lempert